filed in open court on Wednesday 6/8/05 03

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 05-09-JJF |
| | : | |
| WARREN GROOMS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its

attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and

David L. Hall, Assistant United States Attorney, and Raymond Radulski, Esquire, attorney

for the defendant, WARREN GROOMS, the following agreement is hereby entered into by

the respective parties:

1. The defendant agrees to plead guilty to Count One of a one count Information,

waiving prosecution by indictment, charging the defendant with theft of government

property, in violation of Title 18, United States Code, Section 641.

2. The essential elements of Count One, each of which the government would have

to prove beyond a reasonable doubt at trial, are: (i) the defendant knowingly and willfully;

(ii) embezzled, stole, purloined, and converted to his use; (iii) more than $1,000 of money of

the United States and an agency thereof, the Drug Enforcement Administration.

3. The maximum penalty for a violation of Count One is not more than five years

imprisonment, a $250,000.00 fine, three years of supervised release following any term of

imprisonment, restitution, and a $100.00 special assessment.

4. The defendant knowingly, voluntarily, and intelligently admits that in or about August and September, 2004, in New Castle County, Delaware, defendant embezzled, stole, purloined, and converted to his own use $2,500 in funds provided to him by the Drug Enforcement Administration, an agency of the United States. Defendant was provided the money to obtain a new residence for his personal safety, which defendant did not do, keeping the money instead.

5. The United States will recommend a two-level reduction in the offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant agrees to pay the special assessment of $100.00 at the time of sentencing. Defendant agrees to make restitution to the United States of $2,500.

7. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the

sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal.  The parties realize that the Court is not bound by any stipulations reached by the parties.  However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9.  The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a).  The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made

prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

**COLM F. CONNOLLY**
**United States Attorney**

_____          By: _____
Raymond Radulski, Esquire                      David L. Hall
Attorney for Defendant                          Assistant United States Attorney

_____
Warren Grooms
Defendant

Dated: **8 JUNE 05**

\* \* \*

AND NOW this ___8___ day of _____June_____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Hon. Joseph J. Farnan, Jr.
United States District Court